Pola O'Fallon c/o Ken Ferguson, Human Resources Director 200 E. 8th Avenue, Suite 104 Pine Bluff, AR 72601
Dear Pola O'Fallon:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of certain records.
You state that a request has been presented to the City of Pine Bluff for your application for the position of housing inspector. It is my understanding that the custodian of the records has determined that this record should be released, with your social security number and home telephone number redacted.
I am directed by law to issue an opinion as to whether the custodian's determination concerning the release of your records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination is consistent with the FOIA.
Employees' job applications constitute "personnel records," for purposes of the FOIA. "Personnel records" can be released to the public unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). In order to determine whether the release of particular records would constitute a "clearly unwarranted invasion of personal privacy," the custodian of the records must engage in a balancing test, weighing the public's interest in the record against the employee's privacy interest in the record.Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the employee's interest, the release of the record would not constitute a clearly unwarranted invasion of personal privacy.
This office has long held the view that the release of job applications does not constitute a clearly unwarranted invasion of personal privacy.See, e.g., Ark. Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248.
Of course, a job application could contain individual items of information that are required by law to be kept private, such as social security numbers. See 5 U.S.C. § 552a, note. Such information should be redacted before the record is released to the public. In addition, there is authority from the Arkansas Supreme Court that could be construed to permit the redaction of home telephone numbers as well. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). It should be noted thatStilley did not involve a FOIA request for home telephone numbers. Rather, it involved a request for the home addresses of certain police officers. The Stilley court opined that the home addresses of the police officers could be withheld from disclosure because that information could be used to harass the officers and their families. A challenge to the withholding of these numbers may likewise necessitate a showing that this information could be used to harass the individual in question. Assuming that the custodian of the records determined factually that the numbers could be used in this way, the decision to redact them was consistent with the FOIA, as interpreted by the court.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General